IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHARON K. ZEHNER<br>625 Arlington Street<br>Tamaqua, PA 18252 | CIVIL ACTION NO.<br><br>3:CV-16-1009 |
| v. | |
| GENERAL MOTORS LLC<br>300 Renaissance Center<br>Detroit, MI 48266 | |
| and | |
| TAKATA CORPORATION<br>ARK Hills South Tower<br>4-5 Roppongi 1-Chome<br>Minato-ku, Tokyo, 106-8488, Japan | FILED<br>SCRANTON<br><br>MAY 2 7 2016<br><br>Per_____<br>DEPUTY CLERK |
| and | |
| TK HOLDINGS INC.<br>2500 Takata Drive<br>Auburn, MI 48326 | |
| and | |
| HIGHLAND INDUSTRIES, INC.<br>1350 Bridgeport Drive, Suite 1<br>Kernersville, NC 27284 | JURY TRIAL DEMANDED |

**COMPLAINT**

1. The plaintiff Sharon K. Zehner (hereinafter "Ms. Zehner") is an adult individual who resides at 625 Arlington Street, Tamaqua, Pennsylvania, and is a citizen of the Commonwealth of Pennsylvania.

2. The defendant General Motors LLC (hereinafter "GM"), is a Delaware

1

limited liability company with principal place of business located at 300 Renaissance Center, Detroit, Michigan 48266.

3. .GM's sole member is General Motors Holdings, LLC, a Delaware limited liability company with principal place of business located in Michigan. General Motors Holdings LLC's sole member is General Motors Company, a Delaware corporation with principal place of business located in Michigan.

4. For some months in 2009, GM was known as General Motors Company. It was during that time that that General Motors Company acquired the assets of Motors Liquidation Company. Motors Liquidation Company was formerly known as General Motors Corporation (hereinafter "GMC").

5. GM is the successor to GMC and has assumed GMC's liabilities with respect to motor vehicles manufactured by GMC that were involved in incidents in 2014.

6. Takata Corporation is a foreign corporation with principal place of business located at ARK Hills South Tower, Roppongi 1-Chome, Minato-ku, Tokyo, 106-8488, Japan. Takata Corporation, a supplier of automotive safety systems, has designed, manufactured, tested, marketed, promoted, sold, supplied, and/or distributed airbags and/or their components.

7. TK Holdings Inc. is a Delaware corporation with principal place of business located at 2500 Takata Drive, Auburn, MI 48236. TK Holdings Inc. is a subsidiary of Takata Corporation. TK Holdings Inc. has designed, manufactured, tested, marketed, promoted, sold, supplied, and/or distributed airbags and/or their

components.

8. Highland Industries, Inc.is a Delaware corporation with principal place of business located at 1350 Bridgeport Drive, Suite 1, Kernersville, NC 27284. Highland Industries, Inc. is a subsidiary of Takata Corporation. Highland Industries, Inc. has designed, manufactured, tested, marketed, promoted, sold, supplied, and/or distributed airbags and/or their components.

9. Takata Corporation, TK Holdings Inc., and Highland Industries, Inc. are hereinafter collectively referred to as "Takata."

10. The jurisdiction of this Court is based on the diverse citizenship of the parties; the amount in controversy is in excess of the sum of $75,000 exclusive of interest and costs.

11. On May 30, 2014, Ms. Zehner owned a 2003 Chevrolet Cavalier, VIN 1G1JC52F937141468 (hereinafter "the Cavalier").

12. On May 30, 2014, Ms. Zehner was sitting in the front passenger side seat of the Cavalier when the Cavalier was involved in a collision (hereinafter "the collision").

13. As a result of the collision, the airbag on the passenger side (hereinafter "the Cavalier airbag") deployed in a defective manner causing pieces of bag fabric to lodge in the vicinity of Ms. Zehner's eyes (hereinafter "the incident").

14. The Cavalier was designed, manufactured, tested, marketed, promoted, sold, supplied, and/or distributed by GMC.

15. Ms. Zehner has been informed and therefore avers that the Cavalier airbag was designed, manufactured, tested, marketed, promoted, sold, supplied, and/or

distributed by Takata.

16. As a result of the incident, Ms. Zehner sustained the following injuries and damages:

    a. Serious injuries including: corneal edema (both eyes); traumatic iritis (both eyes); choroidal rupture (right eye); dislocated lens (right eye); and vitreous hemorrhage (right eye).

    b. She has been obliged to receive and undergo medical attention and care and has spent various sums of money for the injuries she has suffered.

    c. She has suffered physical pain, mental anguish, and loss of life's pleasures.

## COUNT I – NEGLIGENCE
## MS. ZEHNER v. GM

17. The averments contained in paragraphs 1 through 16 are incorporated herein by reference and made a part hereof.

18. GMC and GM, in their own right and by and through their employees, agents, workers, servants, and independent contractors, were negligent, careless, and reckless in the following respects:

    a. For failing to install into the Cavalier an airbag which was safe and fit for its intended purpose.

    b. For failing to recall and replace the Cavalier airbag.

    c. For failing to warn users of Cavaliers such as Ms. Zehner that Cavaliers had unsafe airbags.

        d.     For failing to inspect and test properly Cavaliers to determine whether they had unsafe airbags.

        e.     For failing to inspect and test properly the airbags which were inserted into Cavaliers.

        f.     For failing to communicate with Takata or the manufacturer of the Cavalier airbag about its airbags and their defects in a timely and appropriate manner.

        g.     For creating a dangerous condition which presented a serious risk of harm to others, such as Ms. Zehner.

        h.     For failing to provide their Cavaliers with every element which would make them safe for their intended use.

        i.     Such other acts or omissions constituting carelessness, negligence, recklessness, and/or gross negligence which may appear during the course of discovery or at the trial of this case.

19.    At the time Ms. Zehner was using the Cavalier on May 30, 2014, it was being used in a manner and for a purpose for which it was intended.

20.    Prior to the collision, there had been no substantial or unforeseeable change to the Cavalier airbag from its condition when the Cavalier was sold by GMC.

21.    The negligence, carelessness, and recklessness of GMC and GM, in their own right and by and through their employees, agents, workers, servants, and independent contractors, were the factual cause of Ms. Zehner's above-described injuries and damages.

WHEREFORE, Ms. Zehner demands judgment against GM for compensatory

damages in an amount in excess of $75,000, exclusive of interest and costs, and punitive damages.

## COUNT II - STRICT LIABILITY
## MS. ZEHNER v. GM

22. The averments contained in paragraphs 1 through 16 are incorporated herein by reference and made a part hereof.

23. At all times relevant hereto GMC and GM were in the business of designing, manufacturing, testing, marketing, promoting, selling, supplying, and/or distributing vehicles such as the Cavalier.

24. GM is strictly liable to Ms. Zehner because the Cavalier was defective.

WHEREFORE, Ms. Zehner demands judgment against GM for compensatory damages in an amount in excess of $75,000, exclusive of interest and costs, and punitive damages.

## COUNT III – NEGLIGENCE
## MS. ZEHNER v. TAKATA

25. The averments contained in paragraphs 1 through 16 are incorporated herein by reference and made a part hereof.

26. Takata, in its own right and by and through its employees, agents, workers, servants, subsidiaries, and independent contractors, was negligent, careless, and reckless in the following respects:

    a. For failing to design an airbag, such as the Cavalier airbag, which was safe and fit for its intended purpose.

b. For failing to recall and replace the Cavalier airbag.

c. For failing to warn users of Cavaliers such as Ms. Zehner that Cavaliers had unsafe airbags.

d. For failing to warn GMC and GM that the Cavaliers had unsafe airbags.

e. For failing to communicate with GMC and GM about its airbags and their defects in a timely and appropriate manner.

f. For failing to inspect and test properly the airbags that were installed into Cavaliers such as the Cavalier.

g. For creating a dangerous condition which presented a serious risk of harm to others, such as Ms. Zehner.

h. For failing to provide its airbags, such as the Cavalier airbag, with every element which would make them safe for their intended use.

i. Such other acts or omissions constituting carelessness, negligence, recklessness, and/or gross negligence which may appear during the course of discovery or at the trial of this case.

27. At the time Ms. Zehner was using the Cavalier on May 30, 2014, it was being used in a manner and for a purpose for which it was intended.

28. Prior to the collision, there had been no substantial or unforeseeable change to the Cavalier airbag from its condition when the Cavalier was sold by GMC.

29. The negligence, carelessness, and recklessness of Takata, in its own right and by and through its employees, agents, workers, servants, and independent

contractors, were the factual cause of Ms. Zehner's above-described injuries and damages.

WHEREFORE, Ms. Zehner demands judgment against Takata for compensatory damages in an amount in excess of $75,000, exclusive of interest and costs, and punitive damages.

## COUNT IV - STRICT LIABILITY

## MS. ZEHNER v. TAKATA

30. The averments contained in paragraphs I through 16 are incorporated herein by reference and made a part hereof.

31. At all times relevant hereto Takata was in the business of designing, manufacturing, testing, marketing, promoting, selling, supplying, and/or distributing airbags such as the Cavalier airbag.

32. Takata is strictly liable to Ms. Zehner because the Cavalier airbag was defective.

WHEREFORE, Ms. Zehner demands judgment against Takata for compensatory damages in an amount in excess of $75,000, exclusive of interest and costs, and punitive damages.

*/s/ Armin Feldman*

ARMIN FELDMAN, ESQUIRE
Attorney for Plaintiff
Attorney I.D. #22816
P.O. Box 537
Lehighton, PA  18235
(570) 818-7010
FAX: (570) 818-7011
E-mail: arminfeldman2002@yahoo.com